UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
               :
UNITED STATES OF AMERICA          :     [~~Proposed~~]
                                        **PROTECTIVE ORDER**
    - v. -                        :
                                        21 Cr. 729 (LAK)
                                  :
CHANETTE LEWIS,
    a/k/a "Netty Hott,"           :
TATIANA BENJAMIN,
    a/k/a "Ta Banks,"             :
    a/k/a "Lyric Muvaa,"
TATIANA DANIEL,                   :
    a/k/a "Kimora Daniel," and
HEAVEN WEST,                      :

              Defendants.         :
- - - - - - - - - - - - - - - - - x

THE HONORABLE LEWIS A. KAPLAN, United States District Judge:

    WHEREAS the United States of America intends to produce to the defendants in the above-captioned matter in unredacted form certain documents pursuant to Rule 16 of the Federal Rules of Criminal Procedure that may contain personal identifying information and/or other information relating to and identifying victims of crime alleged in the Indictment and/or the targets of an ongoing governmental investigation, and/or medical information of third parties; and

    WHEREAS pursuant to Rule 16(d)(1) and Title 18, United States Code, Section 3771, the Government desires to protect the confidentiality of the above-referenced materials, and for good cause shown;

IT IS HEREBY ORDERED:

1. Discovery materials produced by the Government to the defendants and their counsel (collectively, "the defense") that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

2. Confidential Material disclosed to the defense during the course of proceedings in this action:

   (a) shall be used by the defense only for purposes of this action;

   (b) shall be maintained in a safe and secure manner solely by the defendants' counsel; shall not be possessed by the defendants, except in the presence of the defendants' counsel; and shall not be disclosed in any form by the defense except as set forth in paragraph 2(d) below;

   (c) shall not be copied or otherwise recorded by the defense, but may be loaded onto secure databases or file-sharing systems used by defendants' counsel to review discovery;

   (d) may be disclosed only by the defendants' counsel and only to the following persons (hereinafter "Designated Persons"):

(i) secretarial, clerical, paralegal, investigative, and student personnel, or any interpreter or translator, employed full-time or part-time by the defendants' counsel;

(ii) independent expert witnesses, investigators, or advisors retained by the defendants or on their behalf in connection with this action;

(iii) prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for trial preparation; and

(iv) such other persons as hereafter may be authorized by the Government or by order issued by the Court upon a motion by the defendant(s); and

(e) shall be either (i) returned to the Government following the conclusion of this case, including any appeals, within 30 days of the conclusion of the appeal, or of the expiration of the period for direct appeal from any verdict in the case; the period of direct appeal from any order dismissing any of the charges in the case; or the granting of any motion made on

3

behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, together with any and all copies thereof; (ii) destroyed together with any and all copies thereof, with defendants' counsel verifying in writing to the Government that such destruction has taken place; or (iii) maintained by defendants' counsel as required by counsel's duties and responsibilities as counsel, as the case may be, provided that defendants' counsel maintain the Confidential Information in accordance with Paragraph 2(b).

3. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom Confidential Material is disclosed pursuant to paragraph 2(d). Designated Persons shall be subject to the terms of this Order.

4. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or any appeal therefrom, or to any judge or magistrate of this Court for purposes of this action, or any appeal therefrom.

5. With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

6. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which

counterparts will be deemed to be an original and which taken together will constitute the Order.

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

8. Nothing in this Order shall preclude or otherwise prejudice defense counsel from challenging the Government's designation of any material as Confidential and seeking the Court's permission to treat such material as if it had not been so designated. While any such application is pending with the Court, defense counsel will continue to treat the material at issue as Confidential under the terms of this Order.

Dated:   New York, New York
         December 3, 2021

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
UNITED STATES ATTORNEY

By: *Michael D. Neff*
Michael D. Neff
Assistant United States Attorney

*Mark Gombiner*
Mark Gombiner, Esq.
Counsel for CHANETTE LEWIS

_____
Thomas A. Farinella, Esq.
Counsel for TATIANA BENJAMIN

[Remainder of page intentionally left blank]

_____
Ezra Spilke, Esq.
Counsel for TATIANA DANIEL

[Remainder of page intentionally left blank]

_____
Marlon Kirton, Esq.
Counsel for HEAVEN WEST

SO ORDERED:

Dated: New York, New York
December  8 , 2021

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

8